24-1344-cv
*Brown v. Donat*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

———————————————————————

REGINALD BROWN, PATRICIA BUNTEN, TAMIE HOLLINS, LISA ROSS, MAURICE WILLIAMS, MARITZA WILSON,

> *Plaintiffs-Appellees*,

v.                                                                          24-1344-cv

JOSEPH DONAT,

> *Defendant-Appellant,*

GEORGE GARRISON, WILLIAM HORTON, CITY OF NEWBURGH,

> *Defendants.*

———————————————————————

FOR PLAINTIFFS-APPELLEES:                    MICHAEL H. SUSSMAN, Sussman & Goldman, Goshen, New York.

FOR DEFENDANT-APPELLANT: RICHARD K. ZUCKERMAN (Edward J. Phillips, *on the brief*), Keane & Beane, P.C., Melville, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on April 16, 2024, is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this summary order.

Defendant-Appellant Joseph Donat appeals from the district court's interlocutory order, denying his motion for summary judgment on a gender discrimination claim brought by Plaintiff-Appellee Maritza Wilson, pursuant to 42 U.S.C. § 1983. Wilson, an employee of the City of Newburgh (the "City"), alleged that Donat discriminated against her by treating her disparately and denying her an employment opportunity because of her gender in violation of the Equal Protection Clause of the Fourteenth Amendment. As relevant to this appeal, Donat moved for summary judgment, *inter alia*, on the basis of qualified immunity, and the district court denied that motion.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND[2]

Since 1984, Wilson has served as a bilingual clerk in the City's Department of Parks and Recreation. Beginning in 2007 and continuing until 2021, upon the request of the City Manager,

---

[1] The district court granted Donat and the other defendants' motion for summary judgment on all other claims. The determinations with respect to those other claims are not at issue in this appeal.

[2] The following facts are drawn from the evidence as viewed in the light most favorable to Wilson because, as discussed *infra*, we must accept a plaintiff's version of the facts on an interlocutory appeal from the denial of qualified immunity at summary judgment. *See Tooly v. Schwaller*, 919 F.3d 165, 172 (2d Cir. 2019).

Wilson periodically performed the duties and responsibilities of the Department's Recreation Director when the position became vacant. Following each stint as interim director, Wilson would return to her role as a bilingual clerk once the Recreation Director position had been filled.

At some point after Wilson initially served as interim director in 2007, she began expressing interest in a permanent appointment to the Recreation Director position. In inquiring about such promotion, however, Wilson was informed by the City's Civil Service Commissioner that she would be ineligible for the position without a college degree. The Newburgh Civil Service Commission officially revised the minimum qualifications for the Recreation Director role in 2015, making a college degree a mandatory requirement. Prior to this change, candidates could qualify for the position either with a college degree or through an equivalent combination of work experience.

On January 8, 2020, Wilson was again asked to temporarily serve as the Recreation Director due to a vacancy. On September 16, 2020, Wilson emailed Joseph Donat, who at this time was the City Manager, and Michelle Kelson, the City's Corporate Counsel, to formally inquire about applying for the Recreation Director position. She acknowledged that although her lack of a college degree prevented her from applying for the recently vacated director position, she believed that her years of experience within the City's Department of Parks and Recreation— including as interim Recreation Director—were equivalent to a college degree, thereby making her a suitable candidate for the role. In her email, Wilson also stated that, in a May 15, 2020 conversation, Donat informed her that the City would hold a conference prior to the position's posting to revise the job qualifications and remove the college degree requirement, such that Wilson could apply for the role. Wilson alleges that, several months later, in August 2020, Donat

3

relayed to her the City Council's desire to hire "a younger male" for the Recreation Director position. App'x at 205.

In December 2020, the City uploaded a job posting for the position of Recreation Director, which included, *inter alia*, the minimum qualification that the applicant have either a bachelor's or associate's degree. Despite expressing interest in the role, Wilson did not formally apply for the position. In April 2021, the City hired a male, Sam Sutton, as Recreation Director. Sutton had a college degree. Shortly thereafter, Wilson, along with the remaining Plaintiffs, filed the instant action.

Donat and the other individual Defendants, along with the City, moved for summary judgment. The district court denied the motion with respect to Wilson's claim. In doing so, the district court reasoned that given "Wilson's demonstrated ability to perform the duties as Director, that she was repeatedly promised the promotion, and Donat's alleged statement that the City wanted to fill the position with a man, . . . a reasonable factfinder could infer that Donat did not appoint Wilson to the position of Director due to her gender." *Bunten v. Donat*, No. 21-cv-04588 (NSR), 2024 WL 1640054, at \*13 (S.D.N.Y. Apr. 16, 2024). The district court further determined that Defendants, including Donat, were not entitled to qualified immunity because "at the time of the alleged discrimination, it was clearly established that Wilson had a right to be free from gender discrimination." *Id*. Donat's appeal followed.

## DISCUSSION

We generally lack jurisdiction to review the denial of a motion for summary judgment. *See* 28 U.S.C. § 1291; *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010). "Under the collateral order doctrine, however, there is an exception to this general rule when the denied motion was based on a claim of immunity, at least to the extent the immunity claim presents a purely legal

4

question." *Ricciuti v. Gyzenis*, 834 F.3d 162, 167 (2d Cir. 2016) (internal quotation marks and citation omitted). Our jurisdiction to review an interlocutory order denying qualified immunity is limited to a legal analysis based "on stipulated facts, *or on the facts that the plaintiff alleges are true*, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find." *Soto v. Gaudett*, 862 F.3d 148, 158 (2d Cir. 2017) (internal quotation marks and citation omitted) (emphasis in original). Thus, "[t]aking the plaintiff's version of the facts as true, this Court will then review *de novo* a decision by a district court to deny summary judgment on the basis that a public official is not entitled to qualified immunity." *Francis v. Fiacco*, 942 F.3d 126, 139 (2d Cir. 2019) (internal quotation marks and citation omitted).

A public official is entitled to qualified immunity unless he "[1] violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). We may consider the two prongs of the qualified immunity analysis in either order and, if either prong is not satisfied, the defendant is entitled to a judgment based on that defense. *See Dixon v. von Blanckensee*, 994 F.3d 95, 104 (2d Cir. 2021); *see also Naumovski v. Norris*, 934 F.3d 200, 211 (2d Cir. 2019) ("When addressing a claim of qualified immunity, it is often appropriate (but not required) to first address the threshold inquiry of whether the plaintiff has alleged a violation of federally protected rights at all." (internal quotation marks and citation omitted)).

As set forth below, we conclude that the district court erred in denying summary judgment on the basis of qualified immunity because, taking Wilson's alleged facts as true, her gender discrimination claim against Donat fails a matter of law and, thus, she cannot establish a violation of a constitutional right.

Employment discrimination claims brought under Section 1983 are analyzed under the burden-shifting framework for Title VII claims, set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Naumovski*, 934 F.3d at 214. Thus, in the absence of direct evidence of discrimination, "[a] plaintiff's first step under *McDonnell Douglas* is to establish a prima facie case of discrimination by showing that (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir. 2024) (internal quotation marks and citation omitted). If "the plaintiff has established a prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its adverse action." *Id.* (internal quotation marks and citation omitted). Finally, should the employer articulate such a reason, the burden then "shifts back to the plaintiff to prove that the employer's stated reason was pretext for discrimination." *Id.* Importantly, "at the third step of the *McDonnell Douglas* analysis, a plaintiff asserting a § 1983 claim bears a higher burden [than under Title VII] in establishing that the employer's alternative, nondiscriminatory reason for the adverse employment action is 'pretextual.'" *Naumovski*, 934 F.3d at 214. Therefore, under Section 1983, a plaintiff must "produc[e] evidence from which a jury could infer that the individual's discriminatory intent was a '*but-for*' *cause* of the adverse employment action." *Id.* (emphasis in original).

On appeal, Donat argues that the district court improperly denied summary judgment on Wilson's discrimination claim because "Wilson could not satisfy the second element of her *prima facie* case: that she was qualified for a permanent appointment to the [Recreational Director] position," and Donat, "[h]aving no authority to promote Wilson" in light of the qualifications

6

required by the Newburgh Civil Service Commission, was not personally involved in causing the alleged constitutional violation. Appellant's Br. at 13, 25. We agree.

It is well-established that to determine whether an employee is "qualified" under the *McDonnell Douglas* analysis, a court must examine "the criteria the employer has specified for the position." *Thornley v. Penton Publ'g, Inc.*, 104 F.3d 26, 29 (2d Cir. 1997). "Absent a showing by the plaintiff that the employer's demands were made in bad faith, an employer . . . is not compelled to submit the reasonableness of its employment criteria to the assessment of either judge or jury." *Id.* (citation omitted). Here, the uncontroverted evidence demonstrates that Wilson did not meet the minimum qualifications for the position she sought. By her own admission, Wilson does not possess a college degree, which was a mandatory requirement for the Recreation Director position as set by the Newburgh Civil Service Commission.

The district court recognized Wilson's failure to meet this minimum qualification for the position, but nevertheless denied summary judgment because, "[g]iven that Wilson had successfully performed the duties of Director for years and had been promised [by Donat] that the qualifications would be changed so that she could apply—which neither the record nor Defendants contradict—a man being appointed to the position over Wilson raises an inference of discrimination sufficient to establish a *prima facie* claim." *Bunten*, 2024 WL 1640054, at *12. However, that evidence was immaterial to the analysis of the *prima facie* case against Donat. *See Bolmer*, 594 F.3d at 140–41 ("[W]here the district court denied immunity on summary judgment because genuine issues of fact remained, we have jurisdiction to determine whether the issue is *material*."). In particular, it is undisputed that Donat lacked the authority to unilaterally amend the qualifications for the Recreation Director position. As City Manager, Donat's "authority to hire [and] promote . . . was subject to any applicable job requirements, civil service requirements,

collective bargaining agreements, salary schedules and the other relevant information provided to [him] by City staff." App'x at 149. Therefore, the ultimate decision on whether to revise the minimum job criteria rested exclusively with the Newburgh Civil Service Commission, and there is no evidence that the Commission, which is not a party to this lawsuit, imposed the college degree requirement for the Recreation Director position (which had been a requirement since at least 2015), or refused to alter it, because of discriminatory animus.

In her brief and at oral argument, Wilson suggests that "through Donat's lobbying, the City could have altered the qualifications for the position to allow for Wilson's promotion and that, in furtherance of its expressed desire to hire [a] male for the job, it refused to do so and, acquiescing in this desire, Donat ended his lobbying efforts and chose a male for the job." Appellee's Br. at 7. However, Donat's efforts to lobby the City for the change in qualifications on behalf of Wilson render implausible any alleged discriminatory animus on his part and, having failed in such lobbying efforts, Donat had no authority to nevertheless promote Wilson in violation of the civil service requirements for the position. *See Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012) ("[L]iability for an Equal Protection Clause violation under § 1983 requires personal involvement by a defendant, who must act with discriminatory purpose."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group." (alteration adopted) (internal quotation marks and citation omitted)); *Naumovski*, 934 F.3d at 212 ("[U]nlike a Title VII claim, which may be brought against the employing entity, a § 1983 claim can be brought against an[y] individual *responsible for the discrimination*." (internal quotation marks and citation omitted) (emphasis added)). In short, even construing the evidence most

8

favorably to Wilson, she has failed to demonstrate a *prima facie* case of gender discrimination against Donat because Wilson did not meet the required qualifications for the position, and Donat was neither personally involved in setting those qualifications nor capable of hiring Wilson in contravention of them.

Finally, we find equally unpersuasive Wilson's attempt to avoid this requisite element of a *prima facie* case by arguing that the burden-shifting framework should not apply at all to her claim because she presented direct evidence of discrimination. *See Grant v. Hazelett Strip-Casting Corp.*, 880 F.2d 1564, 1568 (2d Cir. 1989) ("In cases where a plaintiff *can* present direct evidence of discrimination . . . the burden of proof outlined in *McDonnell Douglas* need not apply." (emphasis in original)); *accord Knox v. CRC Management Co., LLC*, 134 F. 4th 39, 47 n.2 (2d Cir. 2025). In particular, she contends that "Donat told [her] directly that the city council wanted a younger male for the job," and, thus, that comment constitutes direct evidence of discrimination. App'x at 205. We disagree.[3] The alleged comment was made by Donat, who was not the decisionmaker regarding any potential changes to the job requirements, and conveyed his belief regarding the City Council's intent without providing a basis for that conclusion. We have explained that "remarks made by someone other than the person who made the decision adversely affecting the plaintiff may have little tendency to show that the decision-maker was motivated by discriminatory sentiment expressed in the remark." *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Therefore, the alleged comment does not allow Wilson to overcome her failure to

---

[3] We note that, contrary to Wilson's assertion, the district court did not conclude that this alleged comment was direct evidence of discrimination that would allow it to dispense with the *McDonnell Douglas* burden-shifting framework; rather, it analyzed the alleged comment, along with the other evidence in the record, under the *McDonnell Douglas* framework. *See Bunten*, 2024 WL 1640054, at *12–13.

9

establish a *prima facie* case of gender discrimination against Donat, particularly when this comment did not relate to Donat's intent, but rather the alleged intent of the City Council.

In sum, because the lack of qualifications for the position demonstrates that there was no constitutional violation by Donat, the district court erred in denying summary judgment in Donat's favor on Wilson's gender discrimination claim.

*     *     *

We have considered the remaining arguments on appeal and conclude that they are without merit.[4]  Accordingly, we **REVERSE** the order of the district court and **REMAND** the case for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4]  Donat argues that Wilson's failure to establish a *prima facie* claim also requires the dismissal of her gender discrimination claim against the City.  Appellant's Br. at 22.  When reviewing a qualified immunity determination, we may also "exercise pendent jurisdiction over issues that are not ordinarily subject to interlocutory review whenever (1) they are 'inextricably intertwined' with the determination of qualified immunity or (2) their resolution is 'necessary to ensure meaningful review' of the district court's ruling on qualified immunity." *Savino v. City of New York*, 331 F.3d 63, 71–72 (2d Cir. 2003).  However, our legal analysis is confined to the Section 1983 claim against Donat and the resolution of the claim against the City was not necessary to review the qualified immunity issue in this case, nor is it inextricably intertwined with the qualified immunity determination.  Therefore, we decline to exercise pendent jurisdiction over the gender discrimination claim against the City.